# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1463 | **DATE** | March 20, 2013 |
| **CASE TITLE** | Alexis Gomez (M-24772) v. Garry McCarthy | | |

**DOCKET ENTRY TEXT**

Plaintiff's *in forma pauperis* ("IFP") application [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to deduct $6.40 from Plaintiff's trust fund account as an initial partial filing fee and to continue making deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at Illinois River Correctional Center. Plaintiff may proceed with his complaint against Chicago Police Superintendent Garry McCarthy to identify the unknown officers; however, Mayor Rahm Emanuel is dismissed. The clerk shall issue summons for service of the complaint on McCarthy and shall send Plaintiff a Magistrate Judge consent form and instructions for filing documents in this Court. Once an attorney enters an appearance for McCarthy, Plaintiff must conduct discovery to learn the names of the officers who are the subject of his claims. His failure to do so in accordance with this order will result in summary dismissal of this case.

■[ For further details see text below.]             Docketing to mail notices.

# STATEMENT

Plaintiff, Alexis Gomez, is incarcerated at the Illinois River Correctional Center. Naming Chicago Police Superintendent Garry McCarthy, Chicago Mayor Rahm Emanuel, and unknown Chicago police officers, Plaintiff alleges that, on July 16, 2011, six unknown officers and two unknown detectives falsely arrested Plaintiff, used excessive force when doing so (including shooting at him when he ran from them; beating him; and sexually assaulting him when searching him); and stole money and jewelry from him during the search.

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP"). The Court grants Plaintiff's IFP motion and assesses an initial partial filing fee of $6.40. The trust fund officer at Plaintiff's place of confinement is directed to collect the initial partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number of this action. This payment obligation will follow Plaintiff in the event he is transferred.

The Court has conducted a preliminary review of the complaint in accordance with 28 U.S.C. § 1915A. The above-stated allegations state colorable claims against the unknown officers who participated in the July 2011 arrest. *Gonzalez v. City of Elgin*, 578 F.3d 526, 541 (7th Cir. 2009). As to Superintendent McCarthy and Mayor Emanuel, Plaintiff has stated no clams upon which this Court can grant relief. There is no respondeat superior liability under § 1983, and neither McCarthy nor Emanuel can be held vicariously liable for the constitutional torts of Chicago officers. *See Monell v. Dep't of Social Serv's*, 436 U.S. 658, 694 (1978). Supervisory officials may be personally responsible for the constitutional torts of their subordinates only if the

| STATEMENT |
|---|

official knew of and facilitated, approved, condoned, or turned a blind eye to the conduct. *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000). Plaintiff does not allege this. To the extent Plaintiff seeks to claim liability against the City of Chicago, a plaintiff must show the existence of an "official policy" or custom that not only caused but also was the moving force behind the constitutional violation. *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012), citing *Monell*, 436 U.S. at 694. Even if Plaintiff is able to demonstrate a constitutional violation with his arrest, proof of a single incident is generally considered insufficient to establish a claim municipal liability. *Arlotta v. Bradley Center,* 349 F.3d 517, 522 (7th Cir. 2003). Accordingly, Mayer Emanuel is dismissed. Superintendent McCarthy, however, shall remain as a Defendant for the purpose of identifying the unknown officers, as discussed below.

The clerk shall issue summons for service of the complaint on Superintendent Garry McCarthy. The United States Marshals Service is appointed this Defendant. Any service forms necessary for Plaintiff to complete for the Marshal to accomplish service will be sent by the Marshal to Plaintiff. Plaintiff's failure to return forms to the Marshal will result in the dismissal of Defendants. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee no longer at the work address provided by Plaintiff, Chicago police officials shall furnish the Marshal with the Defendant's last known address. The information shall be used only for purposes of effectuating service, or to show proof of service should a dispute arise, and shall neither be kept in the Court's file nor released by the Marshal. The Marshal is authorized to mail a request for waiver of service to each Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If a waiver of service is not obtained, the Marshal shall then attempt personal service.

Summons cannot issue for the unknown officers until their identities are known. Once an attorney enters an appearance for Superintendent McCarthy, Plaintiff may forward discovery (written questions) seeking the identities of the officers. Plaintiff is given 90 days from the date an attorney for McCarthy to forward discovery requests to the attorney. Plaintiff's failure to conduct discovery during that time will result in the dismissal of claims against the unknown officers for want of prosecution. Plaintiff is further advised that there is a two-year limitations period for claims of false arrest excessive force in Illinois and that failure to identify officers during the limitations period may also result in their dismissal from this case. *See Gonzalez v. Entress*, 133 F.3d 551, 552 (7th Cir. 1998).

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any filing to Defendants, or to their counsel if an attorney enters an appearance on their behalf. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.